IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOHNNIE BROPHY,

                Plaintiff,                              CV-07-128-TC

                v.                                     FINDINGS &
                                                 RECOMMENDATION

MICHAEL J. ASTRUE, Commissioner of Social
Security,

                  Defendant.

COFFIN, Magistrate Judge:

## **INTRODUCTION**

Plaintiff Johnnie Lynn Brophy brings this action for judicial review of a final decision of

the Commissioner of Social Security denying her application for disability insurance benefits (DIB)

under Title II of the Social Security Act. This court has jurisdiction under 42 U.S.C. § 405(g).

1 - FINDINGS & RECOMMENDATION

The Commissioner moves the court to remand for further proceedings to correct errors in his decision ( # 13). Plaintiff opposes additional proceedings and seeks a remand for the calculation and immediate award of benefits.

The Commissioner's arguments are not persuasive in this particular action. The Commissioner's motion to remand for further proceedings should be denied and the Commissioner's final decision should be reversed and remanded for calculation and award of benefits.


## BACKGROUND

Plaintiff was 61 years old at the time of the April 6, 2006 hearing. She had past relevant work as a registered nurse and data entry clerk. Plaintiff alleges disability because of degenerative disc disease of the lumbar spine, degenerative joint disease of the bilateral knees with torn menisci, lumbar sacral strain, left chest wall contusion, and two broken ribs.


## DISABILITY ANALYSIS

The initial burden of proof rests upon the claimant to establish disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a sequential process of up to five steps for determining whether a person is disabled within the meaning of the Act. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520. Among other things, plaintiff challenges the ALJ's rejection of

testimony, the ALJ's formulation of plaintiff's residual functional capacity and the ALJ's conclusion at step five of the sequential process.

For the purposes of step five, the Commissioner must first assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained work-related activities the claimant can still do on a regular and continuing basis, despite the limitations imposed by his impairments. 20 C.F.R. § 404.1545(a); SSR 96-8p.

At step five, the Commissioner must determine whether the claimant can perform work that exists in the national economy. *Yuckert*, 482 U.S. at 141-42; 20 C.F.R. § 404.1520(e), (f). Here the burden shifts to the Commissioner to show that a significant number of jobs exist in the national economy that the claimant can do. *Yuckert*, 482 U.S. at 141-42; *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the Commissioner meets this burden, then the claimant is not disabled. 20 C.F.R. § 404.1566.

## THE ALJ's FINDINGS

The ALJ found that plaintiff has impairments that to limit her ability to perform basic work activities. These include degenerative disc disease of the lumbar spine and degenerative joint diseases of the bilateral knees.

The ALJ assessed plaintiff's RFC to be as follows:

> to lift or carry a maximum of 10 pounds. She must have the option to sit or stand at will. She should not engage in any stooping, crouching, crawling, or kneeling. She should only occasionally engage in any climbing. She should not be required to use ladders, ropes or scaffolds. She should not work in any hazardous environments which include moving equipment, machinery, or unprotected heights.

Tr. 17.[1]

The ALJ found that plaintiff could not perform her past relevant work, but that she retained the RFC and had transferrable skills from past work that would permit her to perform work in the national economy. The ALJ identified examples for such work drawn from the testimony of a Vocational Expert(VE): nurse consultant and nurse case manager. TR. 20-21. [2]

## STANDARD FOR REMAND

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir.), *cert. denied*, 531 U.S. 1038 (2000). The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is not sufficient to support the Commissioner's decision. *Rodriguez v. Bowen,* 876 F.2d 759, 763 (9th Cir. 1989).

Improperly rejected evidence should be credited and an immediate award of benefits directed where: (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. *Harman v. Apfel*, 211 F.3d at 1178 citing *Smolen v. Chater*, 80 F.3d

---

[1]Citations to "Tr." refer to the page(s) indicated in the official transcript of the administrative record filed with the Commissioner's Answer.

[2]The Commissioner concedes the ALJ did not make adequate findings at this step of the analysis, but seeks a remand to obtain supplemental information from the Vocational Expert. P.p. 13,14 of Defendant's Memo (#14) , footnote 2 at p. 14 and p. 16 and 17 of Defendant's Memo. However, such is not necessary as benefits may and will be awarded on the basis of other errors.

1273, 1292 (9th Cir. 1996). Of course, the third prong of this test is actually a subpart of the second.

*See Harman*, 211 F.3d at 1178 n. 7.


## **DISCUSSION**

Plaintiff's Testimony

   Defendant notes that "[t]he ALJ rejected plaintiff's subjective complaints as not entirely credible

in part because medical records revealed no evidence of significant worsening of her condition since

the time she worked from April 22, 2002 until September 8, 2003. Tr 18. However, an October 23,

2003 x-ray report of plaintiff's lumbar spine indicated that she had moderate degenerative disease

at T12-L1. Tr. 276. By September 9, 2005, an x-ray report of plaintiff's lumbar spine indicated that

she had advanced degenerative disease at T12-L1. Tr. 323." P. 7 of Defendant's Memo.

   Defendant also concedes that "the ALJ did not make any specific findings that plaintiff spent a

substantial part of her day engaged in [her] daily activities and how such activities were transferable

to a sedentary work setting to discredit her subjective complaints on this basis." Id.

   Defendants concedes that remand is necessary, but contends that such remand should be for the

ALJ to give further consideration to plaintiff's credibility and when so doing to consider the lay

witness testimony of Ms. Wells(discussed below). However, contrary to defendant's arguments, in

the circumstances of this case, it is appropriate to credit as true the inadequately rejected testimony

and award benefits.

   Plaintiff's improperly rejected testimony establishes that she can perform activities of daily

living only on a sporadic, short-term basis, intermittent basis. She testified that her knees are

"painful most of the time. I can't walk or bend or stoop or kneel on my knees, like I can't stand for

any length of time. And they're even painful just sitting. I have to get up, move around, then sit back down, start over. " Tr. 420.

Plaintiff reported that "my back is constantly in pain. It doesn't stop hurting and it causes me to not be able to do things I used to do, like cooking, cleaning, walking, because it just gets to the point, so painful, it makes me teary, and I just can't do it. So I pace everything I do. Like if I'm going to cook, it might be 15 minutes, then rest period, then finish what I'm doing." Tr. 422. Plaintiff reported she had been in an exercise program at work and "was unable to continue doing that, after the injuries. Id. She reported that her hips "hurt when I sit, so I have to stand up and change position, maybe walk a little bit, and then go back, but they hurt. I usually, a usual routine is in the evening is to watch hour, hour and a half TV program with a hot pack on each hip and knee." Tr. 424.

Plaintiff testified that her feet "affect, my you know, walking any great distance for any period of time. Or standing, but of course, your feet hurt when you stand." Tr. 426. She testified that she is unable to do activities such as vacuuming, dusting or cleaning the bathroom, and that her husband's live-in health care worker takes care of those responsibilities. Tr. 430-431. Consistent with the ALJ's finding, plaintiff affirmed that 10 pounds is the maximum amount of weight she can lift and that she is able to sit or stand for periods of 15 to 30 minutes at a time. Tr. 432.

Plaintiff testified that she has good days and bad days. Tr. 432 -433. She described a bad day, saying , "[w]ell on Saturday for , I don't know what caused it, what precipitated it, I just was not able to do anything. I could barely walk, my whole right side was affected, I had to use a walker the whole weekend. " Tr. 433. Plaintiff estimated that bad days happen to her "probably once or twice

a month." Id.  She testified that she can sometimes drive one way on a trip, but then is unable to

drive back. Tr.434.

When plaintiff's improperly rejected allegations are credited, the ALJ's rulings and regulations

direct a finding of disability.  Social Security Ruling 96-8p provides that "[o]rdinarily, RFC is the

individual's maximum remaining ability to do sustained work activities in an ordinary work setting

on a regular and continuing basis, and the RFC assessment must include a discussion of the

individual's abilities on that basis.  A "regular and continuing basis" means 8 hours a day, for 5 days

a week, or an equivalent work schedule." See also 20 C.F.R. §404.1545(b); Social Security Ruling

83-10; Kornack v. Harris, 648 F2d 525, 527 (9th Cir. 1980).

At the hearing, the ALJ posed a hypothetical intended to incorporate plaintiff's allegations.  The

ALJ added to his first hypothetical the "additional restriction of a worker that would have two

unscheduled, unexcused absences a month."  The ALJ asked the VE whether that restriction would

preclude employment as a nurse consultant or nurse care manager.  Tr. 443.  The VE replied:

> At this level of employment, I'm going to answer it this way.  If
> someone had used up all of their available time, which could include
> vacation time, sick time, FMLA time, because  this is a professional
> level of employment, then thereafter, two unscheduled unexcused
> absences per month, consistently, monthly, would probably interfere
> with that individual's ability to sustain competitive employment.

Tr. 444.

Ms. Wells' Statement

The Commissioner has also conceded that the ALJ improperly rejected lay evidence.  However,

the Commissioner argues that remand is necessary to permit the ALJ "to consider lay evidence

provided by Ms. Wells, provide rationale which specifically addresses the observations noted by Ms.

Wells, articulate the weight that was given to the lay information in the record, and, if rejected, give

specific germane reasons for so doing." P. 8 of Defendant's Memo, see also p. 11 of Defendant's

Memo.

Ms. Wells  testimony, when credited, establishes that plaintiff cannot sustain any level of

activity, including sedentary exertion. Ms. Wells wrote that plaintiff's "activity level has decreased

greatly since injury. She does no lifting, pulling or anything strenuous. She can cook, but has to rest

often.  I have been doing most of the activities, i.e. wash  and fold clothes, carrying groceries, and

putting away, bending and climbing. These are things she once did, but not anymore." Tr. 126. Ms.

Wells reported that plaintiff's "husband is in  a wheelchair. I have been dressing him.  She cannot

help any longer." Tr. 127.  Ms. Wells reports helping plaintiff with bathing and dressing, including

putting on socks and drying her legs after a shower. Tr. 127. Ms. Wells reports that plaintiff "loves

to cook, but can't," that Ms. Wells has to assist plaintiff in reaching for items, and that plaintiff "can't

stand for long periods" and so only cooks "simple things."  Tr. 128.  Ms. Wells reported that

"housekeeping is now hired out," and that plaintiff will "attempt to do laundry" but "I do most of it"

Tr. 128.  "Long rides require help. She can't drive both ways." Tr. 128.  She reported that plaintiff

is able to go to church and school twice per week, but "because of constant pain she has problems

with irritability and frustration," Tr. 130, and that "all activities related to back and legs are affected,

walking long distances is not an option." Finally, Ms. Wells reported that plaintiff's stress tolerance

had been affected by her recent frustration. Tr. 131-132.

The improperly rejected lay witness evidence corroborates plaintiff's own testimony that she

cannot sustain activity.  When Ms. Wells improperly rejected evidence is credited, the regulations

and rulings discussed in the previous section also direct a finding of disability.  As such, in this

8 - FINDINGS & RECOMMENDATION

particular case, crediting this improperly rejected evidence as true warrants a finding of disability on the same basis as does crediting plaintiff's improperly rejected testimony.    See  Schneider v. Commissioner ,223 F.3d 968, 976 (9th Cir. 2000).

All issues necessary for a determination of disability are resolved when the vocational testimony and the evidence from plaintiff and Ms. Wells are considered . None of the grounds for the Commissioner's motion justify further proceedings, because the record is adequate to make a determination of disability without additional delay.  No useful purpose would be served by further administrative proceedings and a remand for an award of benefits is appropriate. *Harman v. Apfel*, 211 F.3d at 1178; *Smolen v. Chater*, 80 F.3d at 1292; *Rodriguez v. Bowen,* 876 F.2d at 763.

It is unnecessary to address plaintiff's remaining contentions.  Accordingly, the court exercises its discretion to remand for the Commissioner to calculate and award benefits  for disability.

## CONCLUSION

For the foregoing reasons, the Commissioner's motion for remand ( # 13) should be  denied.  The Commissioner's decision should be  reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for calculation and award of benefits consistent with this opinion.

DATED this 24th day of March, 2008.

Thomas M. Coffin
United States Magistrate Judge